## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| TIMOTHY GREEN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civ. No. 2:13-cv-02744-STA-cgc |
| USA, | ) ) | Crim. No. 2:10-cr-20103-STA |
| Respondent. | ) ) ) | |

### ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
### DENYING CERTIFICATE OF APPEALABILITY
### CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
### AND
### DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Defendant/Petitioner Timothy Green filed a motion pursuant to 28 U.S.C. § 2255 asking the Court to vacate his guilty plea and the judgment entered against him. (ECF No. 1.) The United States was ordered to file a response to the motion on August 22, 2014. (ECF No. 13.) The response was filed on September 30, 2014 (ECF No. 15), and an amended response was filed on November 7, 2014. (ECF No. 18.) Green filed a reply to the response on December 10, 2014. (ECF No. 21.)

Because Federal Bureau of Prisons records show that Green was released on January 29, 2015, the parties were ordered to file a status report stating whether any issues remain for the Court to decide. (ECF No. 23.) The parties have complied with the order and agree that issues which seek relief regarding the release of Green from incarceration are moot because he is now released, whereas any issues regarding ineffective assistance of counsel are still viable because they may impact on Green's future. (ECF No. 24.)

Federal courts are authorized to hear cases or controversies under Article III, Section 2 of the United States Constitution. Therefore federal courts may not exercise jurisdiction when the controversy has been mooted, or when the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[1] Traditionally, habeas relief has been limited to "the body of the petitioner."[2] The Supreme Court expanded the scope of the writ, however, in *Carafas v. LaVallee*, 391 U.S. 234 (1968).

In *Carafas*, the Court declined to moot a petitioner's challenge after his release from prison prior to his hearing because, "in consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror."[3] "On account of these 'collateral consequences,' the case is not moot."[4] The Court reiterated its *Carafas* holding in *Sibron v. New York*, 392 U.S. 40 (1968), and made it clear that the appropriate remedy for a writ of habeas corpus issued pursuant to an unlawful criminal conviction includes relief not only from the conviction's direct consequence of incarceration, but also from any collateral consequences.[5] As a consequence, the motion in the present case is not mooted by Green's release from prison, and the Court will address the merits of his arguments as they relate to ineffective assistance of counsel.[6]

---

[1] *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). *See also Stewart v. Blackwell*, 444 F.3d 843, 855–56 (6th Cir. 2006).

[2] *Fay v. Noia*, 372 U.S. 391, 430–31 (1963).

[3] *Id.* at 237.

[4] *Id.* at 237–38.

[5] *Sibron*, 392 U.S. at 55–58.

[6] S*ee Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006).

## I. PROCEDURAL HISTORY

On March 2, 2010, a Federal Grand Jury for the Western District of Tennessee returned a multi-count indictment against Green and two co-conspirators. *United States v. Green*, No 2:10-cr-20103-STA (W.D. Tenn.) (Indictment, ECF Cr. No. 13.) Green was charged in count one with conspiracy to commit bribery and extortion in violation of 18 U.S.C. §371(a)(1)(B); in count two with bribery in violation of 18 U.S.C. §666(a)(1)(B); and with extortion in the remaining counts in violation of 18 U.S.C. §1951(a). (*Id.*)

On June 2, 2011, this Court held a change of plea hearing. (Minutes, ECF Cr. No. 87.) After the United States reviewed the counts of the indictment and the applicable statutory penalties, (TR, Change of Plea Hearing, PageID 363-366, ECF Cr. No 185), Green acknowledged that he understood the charges and penalties and had discussed them with his attorney. (*Id.* at PageID 366). Green then pled guilty to counts one and two of the indictment pursuant to a negotiated plea agreement with the United States. (*Id.* at PageID 358-376; Plea Agreement, ECF Cr. No. 88.) Green testified to the following: he had read and understood the plea agreement; any questions concerning the plea agreement were explained to him by his defense counsel; he was fully satisfied with his counsel's representation and advice; he understood that his right to appeal in his case had been waived; he had no objections to the factual basis of his guilty plea read into the record by the United States; and he had signed the plea agreement freely and voluntarily. (TR, Change of Plea Hearing, PageID 360-371, ECF Cr. No. 185.) The Court entered an order on the change of plea on June 3, 2011. (Order, ECF Cr. No. 89.) Green was represented by Samuel L. Perkins. (*Id.*)

On August 9, 2011, a pre-sentence report ("PSR") was prepared by the Probation Office. On November 3, 2011, the United States filed a position paper objecting to paragraph 64 of the PSR on the ground that a four level enhancement based on Green's role as an organizer or leader pursuant to U.S.S.G. § 3B1.1(a) had not been applied. (Position of the United States, ECF Cr. No. 113.)

On December 5, 2011, Green retained attorney Dewun Settle. (ECF No. 120.) Settle was Green's second counsel of record.[7] On February 9, 2012, Settle, on behalf of Green, filed five objections to the PSR. (Position of Defendant, ECF Cr. No. 131.) The first objection stated that paragraph 60 of the PSR, which calculated the base level of Green's sentencing using extortion under U.S.S.G. §2C1.1(a)(1) (extortion under color of right), was not accurate because Green pled to conspiracy to commit bribery and extortion. The second objection argued that paragraph 61 of the PSR was incorrect because Green did not accept bribes but, instead, received unauthorized compensation. (*Id.*)

In response, the United States filed a second position paper in opposition to the arguments made by Green. (Position of the United States, ECF Cr. No. 133.) On February 14, 2012, Settle filed a motion striking the two above objections and stated that Green would not pursue arguments relating to unauthorized compensation as set forth in U.S.S.G. § 2C1.3. (Notice Striking Portions of Objections, ECF Cr. No. 132.)

On February 16, 2012, the Court held a sentencing hearing. (Minutes, ECF Cr. No. 134.) The Court asked Attorney Settle if Green had any objections to the calculations as reflected in the plea agreement. (TR, Sentencing Hearing, PageID 570-575, ECF Cr. No. 193.) Settle stated that

---

[7] Attorney Perkins also remained as counsel of record.

he had no objections to any of the previously raised objections with the exception of the leader or organizer four level enhancement in paragraph 64 of the PSR. (*Id.* at PageID 575.) The United States then called as witnesses Gerald Blum, co-defendant Michael Young, and agent Matthew Ross in support of the four level enhancement. (*Id.* at PageID 575-652.) The United States also proffered a video surveillance recording of Green. (*Id.* at PageID 644-652.) During the hearing, both attorneys for Green objected to the proffering of the video, extensively cross- examined the witnesses, and made arguments on behalf of Green. Ultimately, the Court found that the four point enhancement was appropriate and sentenced Green to 50 months of incarceration and 3 years supervised release. (*Id.* at PageID 711.)

On March 7, 2012, the judgment became final. (Second Amd. Judgment, ECF Cr. No. 141.) On March 13, 2012, Green appealed his sentence. (Notice of Appeal, ECF Cr. No. 145.) On October 30, 2012, the Court of Appeals dismissed the appeal for lack of prosecution. (ECF Cr. No. 184.) On September 30, 2013, Green filed this motion under 28 U.S.C. §2255, asserting that he is entitled to relief on the ground of ineffective assistance of trial counsel. (Mot. to Vacate Judgment of Conviction, ECF Cr. No. 188.)[8]

The United States contends that the motion should be denied because Green can show neither ineffectiveness nor prejudice and because his allegations are contradicted by the record and are conclusory. (Amd. Resp., ECF No. 18.) Attorney Samuel L. Perkins has submitted an affidavit addressing Green's claims. (*Id.*, Att. A, ECF No. 18-1.)

II.     **STANDARD OF REVIEW**

---

[8] The Court directed the Clerk to docket the motion as a new civil action. (Order, ECF Cr. No. 189.)

Under 28 U.S.C. § 2255, "[A] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."[9] A motion brought under § 2255 must allege "one of the following three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[10] Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion,[11] and must be made on direct appeal or they are waived.[12]

An evidentiary hearing is not required if the defendant's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact.[13] The defendant bears the burden of pleading and articulating sufficient facts to state a viable claim for post-conviction relief under 28 U.S.C. § 2255, and a § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and, consequently, fails to state a viable claim cognizable under § 2255.[14]

---

[9] *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

[10] *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). *See also Mallett v. United States,* 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States,* 323 F.3d 445, 454 (6th Cir. 2003).

[11] *United States v. Grant*, 72 F.3d 503, 505-06 (6th Cir. 1996).

[12] *See Weinberger,* 268 F.3d at 351.

[13] *Amr v. United States*, 280 F. App'x 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Cordell v. United States*, 2008 WL 4568076 * 2 (E.D. Tenn. Oct.14, 2008).

[14] *Ryals v. United States*, 2009 WL 595984, * 5 (E.D. Tenn. March 6, 2009); *Stamper v. United States*, 2008 WL 2811902 * 1 (E.D. Tenn. July 18, 2008).

In this case, the Court finds that Green has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2255 and, thus, an evidentiary hearing is not warranted. Green has not established an error of constitutional magnitude which had a substantial and injurious effect on his criminal proceedings because he has not presented sufficient facts showing that his Sixth Amendment right to effective assistance of counsel was violated. Nor has he established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.[15]

### III. ANALYSIS

*Strickland v. Washington*, 466 U.S. 668 (1984), establishes the standard for an ineffective assistance claim. The defendant must show: (1) deficient performance by counsel and (2) prejudice to the defendant from the deficient performance.[16] To demonstrate prejudice in the course of a conviction entered on a guilty plea, a defendant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[17] In analyzing prejudice,

> the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.[18]

---

[15] Because the Court has decided this matter on the merits, it does not reach the issue of whether the § 2255 motion was filed timely.

[16] 466 U.S. at 687.

[17] *Hill*, 474 U.S. at 59.

[18] *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

"Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[19] In the context of sentencing, the Court looks to whether the result of the sentencing proceeding was unfair or unreliable.[20]

1. Ineffective assistance of counsel for failing to properly familiarize and investigate the case.

Green alleges that his counsel failed to properly investigate the case and interview witnesses. (Amd. Mot., ECF No. 12; Reply, ECF No. 21.) According to Green, Attorney Perkins failed to timely and reasonably familiarize himself with the facts and law relevant to the case against him which prevented Green from making an informed decision when pleading guilty. (*Id.*) Green contends that Perkins "merely accepted the government's case at face value." (*Id.* at PageID 234.)

It is well-settled that defense counsel is required to conduct an independent investigation of a case.[21] A reasonable investigation requires that defense counsel identify key evidence and locate and interview critical witnesses.[22] However, even if an incomplete investigation is made, counsel is not necessarily ineffective. Strategic choices that are made after an incomplete investigation are reasonable "to the extent that reasonable professional judgments support limitations on investigation."[23] A decision not to investigate has to be "directly assessed for

---

[19] *Lockhart v. Fretwell*, 506 U.S. at 369.

[20] *Id.* at 371.

[21] *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000).

[22] *Vasquez v. Bradshaw*, 2009 WL 2762747 (6th Cir. Sept. 2, 2009) (citing *Towns v. Smith*, 395 F. 3d 251, 258 (6th Cir. 2005)).

[23] *Wiggins v.* Smith, 539 U.S. 510, 521-22 (2003).

reasonableness in all circumstances," with great deference given to counsel's judgment.[24] "While the temptation to rely on hindsight is particularly strong in the context of ineffective assistance claims based on counsel's failure to investigate, the court must conclude that counsel's strategic choices made after less than complete investigation are not constitutionally deficient if a reasonable professional judgment supports the limitations on investigation."[25]

In the present case, in his affidavit, Attorney Perkins states that he met with Green on several occasions between June 13, 2007, and October 23, 2007, to review and discuss the evidence. (Amd. Resp., Att. A, ECF No. 18-1.) At each meeting, they discussed Green's case. Green was given a copy of the discovery documents. Attorney Perkins reviewed the witnesses' statements and identifications and the video tapes with Green. The pros and cons of proceeding to trial were discussed. (*Id.*)

During preparation for trial, Attorney Perkins learned that Green had decided to plead guilty instead of risking a trial. Perkins advised Green numerous times of his option to go to trial, and sentencing issues were discussed. (*Id.*) Green was informed that the decision to go to trial was his and his alone. Green was not satisfied with this and retained another attorney, consulting with him about the option of going to trial or changing his plea. (*Id.*)

Green's contention that the entire 200 hours of the surveillance tapes would "likely" support his version of the facts if he had been allowed to view them, (Reply, Green Aff. ¶ 12, ECF No. 21-4), is not sufficient to overcome the "strong presumption that counsel's conduct falls

---

[24] *Id.* at 522-23.

[25] *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001) (citing *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998)).

within the wide range of reasonable professional assistance."[26] Furthermore, at no time, during the course of this case, during the guilty plea proceeding or the sentencing hearing, did Green express any dissatisfaction with either of his attorneys.

Accordingly, Green has failed to demonstrate that Attorney Perkins did not adequately prepare for his case. Because Green has failed to show under *Strickland* that his defense counsel was ineffective for failing to investigate his case, this claim is **DISMISSED**.

2. Ineffective assistance for failing to file objections to the PSR

Green next asserts that Attorney Perkins was ineffective because he did not object to the PSR, although the record shows that a position paper was, in fact, by defense counsel. On February 9, 2012, Attorney Settle, on behalf of Green, filed five objections to the PSR. *Green*, No 2:10-cr-20103-STA (Position of Defendant, PageID 225, ECF Cr. No. 131.)[27] Although two of the objections were subsequently withdrawn, at the sentencing hearing Attorney Settle argued that the Court should use §2C1.3 as the Base Offense Level applicable to calculate the sentencing range for Green. Settle also argued that the Court should grant a downward departure based on the factors cited. (TR, Sentencing Hearing, ECF Cr. No. 193.) These matters were discussed during the sentencing hearing extensively as follows:

THE COURT: Okay. Then let's go on and address the calculations. And obviously both sides have filed some objections or either position statements that they want the Court to consider. So we will just need to take those up I suppose as we go through these.

As a preliminary matter, the Court will note that Mr. Green pled guilty to Count 1, conspiracy to commit bribery and extortion, in violation of 18 U.S.C. Section 371. That's a Class

---

[26] *Strickland*, 466 U.S. at 689.

[27] The objections to the PSR were filed by Green's second attorney, Dewun Settle, and not by Attorney Perkins. Green has not shown that he was prejudiced because Settle filed the objections instead of Perkins.

D felony that carries a statutory sentence of not more than five years incarceration, not more than $250,000 fine or both and not more than three years of supervised release. As to Count 2, he pled guilty to bribery and aiding and abetting in violation of 18 U.S.C. Section 666(a)(1)(B) and 2. That's a Class C felony that carries a statutory sentence of not more than ten year's incarceration, not more than a $25,000 fine or both, and not more than three years of supervised release. And as counsel is aware, both counts carry a special assessment of $100.

Alright. In looking at the presentence report, and we will just take these one by one as we go through, as the probation officer has indicated at paragraph 59, the counts of conviction are grouped pursuant to 3D1.2(b). The probation officer has concluded that the applicable guideline would be 2C1.1(a)(1), extortion under color of official right, and has ascribed an offense level of 14.

Mr. Coleman, do you have any objection to that calculation?

MR. COLEMAN: No, Your Honor.

THE COURT: Mr. Settle, any objection to that calculation?

MR. SETTLE: We do not, Your Honor.

THE COURT: Okay. Now, Mr. Settle, let me point out, too, obviously the Court is aware you filed some objections, but then you filed a notice striking some of those, so I want us to be very careful that if you have any additional objections, that I don't overlook them or you don't fail to raise those. So if at any point I don't specifically address those, you feel obligated and free to bring those to my attention.

MR. SETTLE: Thank you very much, Your Honor.

THE COURT: All right. Next at paragraph 61, as far as specific offense characteristics, if the offense involved more than one bribe or extortion under 2C1.1(b)(1) then there would be a two-level enhancement. Any objection to that enhancement, Mr. Coleman?

MR. COLEMAN: No, Your Honor.

THE COURT: Any objection to that enhancement, Mr. Settle?

MR. SETTLE: We don't have any objection to that enhancement, Your Honor. We do have arguments that may - - probably more mitigation arguments than objections.

THE COURT: No objections to the calculations?

MR. SETTLE: That's correct, Your Honor.

THE COURT: Okay. Next at paragraph 62, again, another specific offense characteristic, if the value of the payment, the benefit received or to be received in return for the payment, the value of anything obtained or to be obtained by a public official or others acting with a public official, or the loss of the government from the offense, whichever is greatest, exceeded $5,000, then you increase by the number of levels from the table that's found at 2B1.1. And the probation officer has concluded that as a result of that, there would be an additional two-level enhancement. Any objection to that calculation, Mr. Coleman?

MR. COLEMAN: No, Your Honor.

….

MR. SETTLE: No, Your Honor.

THE COURT: Next, specific offense characteristic, if the offense involved an elected public official or any public official in a high-level decision making or sensitive position under 2C1.1(b)(3), then there is a four-level increase. Any objections to that enhancement, Mr. Coleman?

MR. COLEMAN: No, Your Honor.

THE COURT: You see where I'm referring to that at paragraph 63?

MR. COLEMAN: I am, Your Honor. No objections.

THE COURT: Mr. Settle, I know initially there was an objection to that, but if I understood your notice striking- - you are removing that objection; is that correct or not?

MR. SETTLE: Your Honor, we are removing any portion of it that may go to - - seem to be an argument regarding the facts of the case. In other words, I don't think there is much argument that Mr. Green was a public official in a highly sensitive place, Your Honor. Again, this is one of those arguments that may be a mitigation argument more than arguing on the law, Your Honor.

THE COURT: Obviously you can reserve your right to argue anything you deem appropriate as far as mitigation is concerned, but what I'm primarily concerned with now is that we get our calculations accurate, so as far as the calculation itself, you are not objecting to the enhancement, the four-level enhancement under paragraph 63?

MR. SETTLE: That's correct, Your Honor.

THE COURT: Okay. Now as far as this particular report is concerned, that's what's included in the presentence report, but as I indicated previously, the government has filed a position statement indicating that it's their position that an additional enhancement should be included under 3B1.1(a).

> MR. COLEMAN: That is correct, Your Honor.
>
> THE COURT: That's a four-level enhancement that would apply if the defendant is determined to be an organize or leader in the criminal offense as described in the sentencing guidelines under 3B1.1(a).
>
> ….
>
> THE COURT: All right. Well first let me ask the defense, are you objecting to the enhancement that the government is suggesting should apply under 3B1.1(a)?
>
> MR. SETTLE: We are objecting to that, Your Honor.

(TR, Sentencing Hearing, Page ID 569-75, ECF Cr. No. 193.)

As noted above, upon the defense's objection, the United States called witnesses in support of the four level enhancement and proffered a video surveillance recording of Green. (*Id.* at PageID 575-652.) Although defense counsel objected to the proffering of the video, cross-examined the witnesses, and made arguments on behalf of Green, the Court found that the four point enhancement was appropriate and sentenced Green to 50 months of incarceration and 3 years supervised release. (*Id.* at PageID 711.)

Because Green's claim that defense counsel did not file objections to the PSR is contradicted by the record, this claim is **DISMISSED.**

3. Ineffective assistance of counsel regarding guilty plea

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[28] Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.[29]

---

[28] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

At the guilty plea hearing in this case, the Court conducted an exhaustive interrogation of Green to ensure that he was guilty and that there was an adequate factual basis for the plea. The Court fully inquired into the validity of Green's plea, including his voluntary and willing waiver of his rights, as required by Rule 11 of the Federal Rules of Criminal Procedure. (TR, Guilty Plea Hearing, PageID 358 – 375, ECF Cr. No. 185.) The plea colloquy complied with Rule 11 in every respect.[30] Green cannot now attempt to contradict the statements he made during the plea hearing.

Although Green claims that his counsel was ineffective, the Sixth Circuit Court of Appeals held in *Ramos v. Rogers*, 170 F.3d 560 (6th Cir. 1999), that "the trial court's proper plea colloquy cured any misunderstanding that [the defendant] may have had about the consequences of his guilty plea."[31] "Entry of a plea of guilty is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard."[32]

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[33]

---

[29] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[30] *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (stating that the court's inquiry on § 2255 challenge to a guilty plea should focus on compliance with Rule 11).

[31] *Ramos*, 170 F.3d at 565. *See also Baker*, 781 F.2d at 91 (explaining that a "defendant's plea agreement consists of the terms revealed in open court").

[32] *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 2004) (pointing out that "[t]he purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing.").

[33] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The entrance of a "guilty plea means that all possible non-jurisdiction, pre-plea errors have been waived."[34]

The objective standard of *Strickland* is whether counsel made such serious errors that the attorney was not functioning as "counsel" as guaranteed by the Sixth Amendment. At the change of plea hearing, Green advised the Court that he discussed his case fully and completely with Attorney Perkins, that he was satisfied with Perkins' representation, and that he and Perkins discussed the charges and penalty ranges completely, to Green's satisfaction (TR, Change of Plea Hearing, PageID 360-63, ECF Cr. No. 185.) Green acknowledged that he had been advised of and fully understood his rights. He understood the possible penalties, his right to a trial and his waiver thereof, and his waiver of the right to appeal his conviction. (*Id.*)

The Court specifically asked, "Are you satisfied with Mr. Perkins' representation of you in this matter?" and Green replied, "Yes, sir." (*Id.* at PageID 360.) Later in the proceedings, after the prosecutor reviewed the charges and the factual basis for those charges, the Court again made certain that Green had fully conferred with Attorney Perkins prior to pleading guilty. (The Court: "Again, I'll ask you have you had an opportunity to discuss those charges fully and completely with your attorney?" The Defendant: "Yes, sir.") (*Id.* at PageID 366.) Green stated that he "fully understood all the terms and conditions contained in the plea agreement" before he signed it. (*Id.* at PageID 367.) In response to the Court's question concerning whether the Government's description of the evidence related to Green that it would have presented at trial was "substantially

---

[34] *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001); *United States v. Pickett*, 941 F.2d 411, 416-17 (6th Cir. 1991)("[B]ecause a guilty plea bars any subsequent non-jurisdictional attack on the conviction, his failure to enter a conditional guilty plea prevents him from raising his argument."); *United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir. 2000).

true and correct," Green again responded, "Yes, sir." (*Id.* at PageID 374.) Green then acknowledged his guilt as to these facts. (*Id.* at PageID 374-75.)

Examination of the change of plea proceedings leaves no doubt that Green's choice to enter into the plea agreement was knowingly, intelligently, and voluntarily made. This Court ensured at the hearing that the contents of the plea agreement had been fully explained to Green and that he understood them. Green agreed in open Court that he understood them and had them explained to him by his attorney, whose services he acknowledged were satisfactory to him. Nothing in the record suggests that Green had any reservations about the plea agreement. Because he has failed to carry his burden to show by the totality of the circumstances that his plea of guilty and the plea agreement on which it rests, were unknowing, involuntary or unintelligent, Green has waived his opportunity to bring the remaining claims of his ineffective assistance of counsel set forth in his § 2255 motion to vacate.

Green has not carried his burden of showing that Perkins' representation fell below an objective standard of reasonableness when entering his guilty plea. Green has not shown ineffectiveness or actual prejudice required by *Strickland*; thus, his argument that he received ineffective assistance is without merit, and this claim is **DISMISSED**.

Because every issue presented by Green has been dismissed, his § 2255 Motion is **DENIED**. Judgment shall be entered for the United States.

## II.   APPEAL ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if

the applicant has made a substantial showing of the denial of a constitutional right."[35] No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[36] A COA does not require a showing that the appeal will succeed.[37] Courts should not issue a COA as a matter of course.[38]

In this case, for the reasons previously stated, Green's claims are without merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[39] Rather, to appeal *in forma pauperis* in a § 2255 case and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[40] Rule 24(a) provides that a party seeking pauper status on appeal must first file

---

[35] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[36] *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted).

[37] *Id.* at 337.

[38] *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[39] *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[40] *Id.* at 952.

a motion in the district court, along with a supporting affidavit.[41] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[42]

In this case, for the same reasons that the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is, therefore, **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. If Green files a notice of appeal, he must also pay the full appellate filing fee, 28 U.S.C. §§ 1913, 1917, or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**IT IS SO ORDERED.**

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date:   September 27, 2016.

---

[41] Fed. R. App. P. 24(a)(1).

[42] *See* Fed. R. App. P. 24(a)(4)-(5).